UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

_____

|  |  |  |
|---|---|---|
| JUSTIN STEPHEN HORST<br>326 Mount Rock Road<br>Shippensburg, PA 17257 | ) ) ) ) ) | |
| vs. | ) ) | CIVIL ACTION |
| FORZA TRANSPORTATION SERVICES, INC.<br>3017 Okane Street<br>Laredo, Texas 78043 | ) ) ) ) ) | |
| and | ) ) | Case No. _____ |
| F & A EXPRESS, LLC<br>7617 R W Emerson Loop<br>Laredo, TX 78041 | ) ) ) ) ) | |
| and | ) ) | COMPLAINT and JURY DEMAND |
| GEAR JAMMER EQUIPMENT SALES, LLC<br>1262 Melton Drive SW<br>Lilburn, GA 30047 | ) ) ) ) ) | |
| and | ) ) | |
| JUAN RIVERA<br>1802 Orange Blossom Loop<br>Laredo, TX 78045 | ) ) ) ) ) | |
| and | ) ) | |
| OMAR ALBERTO RIVERA<br>309 Collado Drive<br>Laredo, Texas 78045 | ) ) ) ) ) | |
| and | ) ) | |
| ANA SILVIA RIVERA a/k/a<br>ANA S. DOMINGUEZ<br>309 Collado Drive<br>Laredo, Texas 78045 | ) ) ) ) ) | |

and                                                          )
                                                             )
RIVERA LOGISTICS, INC.                                       )
309 Collado Drive                                            )
Laredo, Texas 78045                                          )
_____)

## CIVIL ACTION COMPLAINT

**NOW COMES** Plaintiff, Justin Stephen Horst, and in support of this Civil Action
Complaint against defendants, Forza Transportation Services, Inc. (hereinafter "Forza"), F & A
Express, LLC (hereinafter "F & A"), Gear Jammer Equipment Sales, LLC (hereinafter "Gear
Jammer"), Juan Rivera, Omar Alberto Rivera, Ana Silvia Rivera a/k/a Ana S. Dominguez and
Rivera Logistics, Inc. (hereinafter collectively referred to as "Rivera Defendants") says as
follows:

## THE PARTIES

1.      Plaintiff is Justin Stephen Horst (hereinafter "Plaintiff"), an adult individual and
citizen of the Commonwealth of Pennsylvania whose residence address is 326 Mount Rock
Road, Shippensburg, Pennsylvania 17257.

2.      Defendant, Forza Transportation Services, Inc. ("Forza") is a corporation
organized and existing under the laws of the State of Texas, with a registered office address at
3017 Okane Street, Laredo, Texas, 78043 and place of business located at 16360 U.S. Highway
83 N., Laredo, TX 78045.

3.      Defendant, F & A Express, LLC ("F & A") is a limited liability company
organized and existing under the laws of the State of Texas, with a registered office address at
7617 R W Emerson Loop, Laredo, TX 78041 and a place of business located at 14415 Mines
Road, Laredo, TX 78045.

4.      Defendant, Gear Jammer Equipment Sales, LLC ("Gear Jammer") is a limited liability company organized and existing under the laws of the State of Georgia, with a registered address and principal place of business located at 1262 Melton Drive SW, Lilburn, GA 30047.

5.      Defendant, Juan Rivera, is an adult individual whose last known address is 1802 Orange Blossom Loop, Laredo, Texas, 78045.

6.      Defendant, Omar Alberto Rivera, is an adult individual whose last known address is 309 Collado Drive, Laredo, Texas, 78045.

7.      Defendant, Ana Silvia Rivera a/k/a Ana S. Dominguez, is an adult individual whose last known address is 309 Collado Drive, Laredo, Texas, 78045.

8.      Defendant, Rivera Logistics, Inc. ("Rivera Logistics") is a corporation organized and existing under the laws of the State of Texas with a registered office address and principal place of business located at 309 Collado Drive, Laredo, Texas, 78045.

9.      At all relevant times, the defendants, each and all of them, were engaged in the business of interstate trucking, shipment. leasing and transportation of goods and wares and acted individually and/or through their respective employees, agents, contractors, subcontractors and/or affiliated companies in furtherance of defendant's business objectives.

10.     Upon information and belief, the defendants, each and all of them, owned, operated, leased, maintained and/or exercised control over a certain 2005 Freightliner Century Class tractor, Vehicle Identification Number 1FUJBBCK35LN51528, with attached semi-trailer, registered in the State of Texas (collectively "Tractor-Trailer") involved in the motor vehicle accident hereinafter more fully described.

11.     Upon information and belief, the Tractor-Trailer was operated on August 13, 2015 by the defendants' agent, servant, contractor and/or employee, Ismael C. Medina ("Ismael

Medina" or "Mr. Medina"), acting for and on behalf of the defendants and within the course and scope of his employment, agency, contract and/or authority.

12.     Ismael Medina is not a party hereto because Mr. Medina is deceased, no estate appears to have been raised on his behalf and joinder to this action seeking to impose, *inter alia*, vicarious liability upon the defendants is not required. *See* Hall v. National Service Industries, Inc., 172 F.R.D. 157, 159 (1997), *citing* Fed.R.Civ.P. 19(a); *see also* Mamalis v. Atlas Van Lines, Inc. 528 A.2d 198, 200 (Pa. Super. 1987).

## JURISDICTION, VENUE AND GOVERNING LAW

13.     This court has original jurisdiction over the subject matter of this action pursuant to 28 U.S.C. §1332(a)(1) because the amount in controversy exceeds the sum of $75,000, exclusive of interest and costs, and this action is between citizens of different States.

14.     Venue is proper in this district pursuant to 28 U.S.C. §1391(b)(2) because a substantial part of the events giving rise to Plaintiff's claims against the defendants occurred in this district, including the motor vehicle collision hereinafter more fully described.

15.     Pennsylvania law applies to this motor vehicle liability case because Pennsylvania is the predominantly concerned jurisdiction where, as here, Plaintiff is a resident of this Commonwealth and his injuries and damages were cause by a collision occurring in this district. *See* Cavallaro v. Williams, 530 F.2d 473 (3rd. Cir. 1975).

## THE ACCIDENT

16.     On August 13, 2015, at approximately 7:40 a.m., Mr. Medina, acting as aforesaid within the course and scope of his contracted agency, employment and/or authority for the defendants, was operating the Tractor-Trailer on Interstate 81 in a northbound direction in South Middletown Township, Cumberland County, Pennsylvania.

17.   At the aforesaid time, Plaintiff, Justin Stephen Horst, was the operator and sole occupant of his 2004 Nissan Model 350Z motor vehicle travelling in the same northbound direction as the Tractor-Trailer along Interstate 81. Plaintiff's vehicle was several vehicles in front of the Tractor-Trailer operated by Mr. Medina prior to the collision.

18.   At the aforesaid time, the traffic travelling in front of Plaintiff on Interstate 81 began slowing, causing Plaintiff to slow and come to a complete or almost compete controlled stop when suddenly and without warning Plaintiff observed the Tractor-Trailer in his rear-view mirror rapidly approaching and colliding with vehicles travelling behind him.

19.   Perceiving impact between Plaintiff's vehicle and the Tractor-Trailer to be imminent, Plaintiff maneuvered his vehicle forward and to the left toward the median separating the north and south lanes of Interstate 81. Despite Plaintiff's efforts to evade being hit by the Tractor-Trailer, the rear-end of Plaintiff's vehicle was violently impacted by the Tractor-Trailer. After the initial impact, Plaintiff's vehicle was propelled into the car in front of him resulting in severe and total property damage and the severe, serious and permanent bodily injuries and impairments hereinafter more fully described.

20.   Plaintiff did everything within his control to avoid the collision.

21.   The collision was caused by, and resulted from, the negligent, careless and reckless manner by which Mr. Medina operated the Tractor-Trailer and by the defendants' independent negligent acts as herein more particularly described.

22.   Plaintiff believes, and therefore avers, the defendants, each and all of them, are jointly and severally liable to Plaintiff for his losses and damages, including, but not limited to, all economic and non-economic injuries and damages recognized by law.

COUNT I

*RESPONDEAT SUPERIOR*/VICARIOUS LIABILITY

<u>JUSTIN STEPHEN HORST vs. FORZA, F & A, GEAR JAMMER & RIVERA DEFENDANTS</u>

23.     Plaintiff incorporates by reference the foregoing averments as if set forth here again at length.

24.     At all times relevant hereto, Mr. Medina was an employee, servant, workman, agent, contractor and/or apparent agent of the defendants, Forza, F & A, Gear Jammer and the Rivera Defendants, and was acting within the course and scope of his appointed employment or agency.

25.     Upon information and belief, the defendants, Forza, F & A, Gear Jammer and the Rivera Defendants, one, some or all of them, are vicariously liable for Mr. Medina's negligent, careless and reckless acts of commission and/or omission, as hereinafter fully described.

26.     Plaintiff believes, and therefore avers, the actionable conduct of Mr. Medina for which the defendants are vicariously liable include, but is not limited to, the following:

  (a)     Failing to yield to Plaintiff's vehicle then and there lawfully upon the highway;

  (b)     Operating the Tractor-Trailer at a high and excessive rate of speed under the circumstances;

  (c)     Failing to have the Tractor-Trailer under proper and adequate control under the circumstances;

  (d)     Following Plaintiff's motor vehicle too closely;

  (e)     Failing to act with due regard for the safety, point and position of Plaintiff's vehicle lawfully upon said highway;

  (f)     Failing to give proper and sufficient warning of the approach of the Tractor-Trailer operated as aforesaid;

(g)     Failing to maintain a proper and reasonably diligent lookout while using the highways of this Commonwealth;

(h)     Violating the assured clear distance rule;

(i)     Leaving the driver's seat of the Tractor-Trailer prior to the subject collision to move his bowels and/or urinate while the Tractor-Trailer was traveling along Interstate 81; and/or

(j)     Violating of the Ordinances of the County of Cumberland, the Statutes of the Commonwealth of Pennsylvania and the regulations of the Department of Transportation, including, but not limited to, regulations promulgated pursuant to the Federal Commercial Motor Vehicle Safety Act, 49 U.S.C.A. §§31100 *et. seq.* and the Pennsylvania Motor Vehicle Code, 75 Pa.C.S.A. §§101 *et. seq.*

27.     Mr. Medina's negligent, careless and reckless conduct caused Plaintiff to sustain injuries in and about his head, face, body and extremities and/or aggravate pre-existing conditions concerning these parts, which injuries are or may be serious, severe and permanent. Specifically, but without limitation, Plaintiff's injuries include, but are not limited to, multiple level cervical and lumbar disc herniations at C5-C6, C6-C7 and L5-S1 with impingement upon Plaintiff's spinal cord causing right-sided radicular pain, weakness and numbness and necessitating multiple spinal surgeries. Additionally, Plaintiff suffered neck and back pain, shoulder pain, nerve damage, facial lacerations and scarring, facial abrasions, chest contusions, severe and persisting headaches and severe shock to his nervous system, said injuries and maladies are or may be permanent in nature.

28.     As a direct and proximate result of the aforesaid collision and the negligent, careless and reckless conduct of the defendants and Mr. Medina, acting as aforesaid, Plaintiff has undergone and in the future will undergo, physical pain, mental anguish, discomfort, inconvenience, distress, embarrassment and humiliation, past, present and future loss of his ability to enjoy the pleasures of life and limitations in his pursuit of daily activities for which

damages are claimed, and will suffer permanent disability. Plaintiff was thirty-seven (37) years of age as of the accident date, with a life-expectancy of forty-five (45) additional years.

29.     The accident caused Plaintiff to expend various sums of money for medical services, attention, care and treatment relating to the injuries sustained as hereinbefore stated.

30.     The accident prevented Plaintiff from following his usual and customary duties and occupations and Plaintiff may be prevented from following same for an indefinite time in the future, all to his great financial detriment and loss.

31.     The accident caused Plaintiff to incur other financial expenses or losses, including, but not limited to, property damage, rental car expense and excess medical costs and expenses, resulting in additional financial detriment and loss for which Plaintiff seeks compensatory damages.

32.     As a direct and proximate result of the aforesaid collision and the negligent, careless and reckless conduct of the defendants and Mr. Medina, acting as aforesaid, Plaintiff will likely incur future expenses for medical treatment, surgery/or and rehabilitation during his aforesaid life-expectancy.

33.     As a direct and proximate result of the aforesaid collision and the negligent, careless and reckless conduct of the defendants and Mr. Medina, acting as aforesaid, Plaintiff has and/or may in the future incur a loss of income, a loss of future earning capacity, loss of future productivity, loss of household services, and other economic damages for which damages are claimed.

34.     As a direct and proximate result of the aforesaid collision and the negligent, careless and reckless conduct of the defendants and Mr. Medina, acting as aforesaid, Plaintiff

sustained incidental costs and losses to include, but not limited to, mileage expense, past and future medication costs and/or medical appliance costs for which damages are claimed.

35.     As a direct and proximate result of the aforesaid collision and the negligent, careless and reckless conduct of the defendants and Mr. Medina, acting as aforesaid, Plaintiff has and/or may in the future incur a loss of household services and other economic damages for which damages are claimed.

36.     As a direct and proximate result of the aforesaid collision and the negligent, careless and reckless conduct of the defendants and Mr. Medina, acting as aforesaid, Plaintiff has sustained scarring and/or disfigurement for which damages are claimed.

37.     Mr. Medina's conduct, acting as aforesaid, including, leaving the driver's compartment of the moving Tractor-Trailer unattended, demonstrated an intentional, wanton and/or reckless indifference to risk of injury to Plaintiff and others entitling Plaintiff to an award of punitive damages separate and over and above of any compensatory damages and constitutes negligence *per se.*

WHEREFORE, Plaintiff, Justin Stephen Horst, demands judgment in his favor and against the defendants, Forza Transportation Services, Inc., F & A Express, LLC, Gear Jammer Equipment Sales, LLC, Juan Rivera, Omar Alberto Rivera, Ana Silvia Rivera a/k/a Ana S. Dominguez and Rivera Logistics, Inc., individually, jointly and/or severally in an amount in excess of Five Hundred Thousand Dollars ($500,000.00), exclusive of interest and costs, plus damages for delay and punitive damages as allowed by law.

COUNT II

*NEGLIGENCE*

JUSTIN STEPHEN HORST vs. FORZA, F & A, GEAR JAMMER & RIVERA DEFENDANTS

38.     Plaintiff incorporates by reference the foregoing averments as if set forth here again at length.

39.     In addition to being vicariously liable for the negligent acts of commission and/or omissions of Mr. Medina, defendants Forza Transportation Services, Inc., F & A Express, LLC, Gear Jammer Equipment Sales, LLC, Juan Rivera, Omar Alberto Rivera, Ana Silvia Rivera a/k/a Ana S. Dominguez and Rivera Logistics, Inc. are individually, jointly and/or severally liable to Plaintiff for their independent negligent and careless conduct, including, but not limited to, the following:

> (a)     Failing to properly train employees, servants, workmen, agents, contractors and/or apparent agents in the operation of commercial vehicles;
>
> (b)     Failing to provide employees, servants, workmen, agents, contractors and/or apparent agents with proper directions before allowing them to operate commercial vehicles;
>
> (c)     Failing to properly screen, supervise and/or control employees, servants, workmen, agents, contractors and/or apparent agents hired to operate commercial vehicles;
>
> (d)     Hiring and/or retaining employees, servants, workmen, agents, contractors and/or apparent agents who are unfit or incompetent to operate commercial vehicles;
>
> (e)     Failing to adopt policies, procedures, rules, regulations, protocols and/or safety measures to reduce danger to other motorists by the operation of its commercial vehicles on the interstate highways;
>
> (f)     Entrusting commercial vehicles to employees, servants, workmen, agents, contractors and/or apparent agents knowing, or having reason to

know, they are incompetent or otherwise not qualified due to lack of health, training, experience, licensing and/or a history of unsafe driving;

(g)     Failing to enforce its employee manuals and/or training procedures;

(h)     Failing to have an adequate or properly maintained brake system on the Tractor-Trailer in violation of the Statutes of the Commonwealth of Pennsylvania and the regulations of the Department of Transportation;

(i)      Failing to properly inspect and maintain its commercial vehicles;

(j)      Permitting drivers to violate hours of service requirements in violation of 49 C.F.R. §395.1 *et. seq.*

(k)     Permitting drivers to operate an out of service vehicle; and/or

(l)      Violating of the Ordinances of the County of Cumberland, the Statutes of the Commonwealth of Pennsylvania and the regulations of the Department of Transportation, including, but not limited to, regulations promulgated pursuant to the Federal Commercial Motor Vehicle Safety Act, 49 U.S.C.A. §§31100 *et. seq.* and the Pennsylvania Motor Vehicle Code, 75 Pa.C.S.A. §§101 *et. seq.*

40.     As a direct and proximate result of the aforesaid collision and the negligent, careless and reckless conduct of the defendants, Plaintiff suffered the injuries and damages hereinbefore particularly described.

WHEREFORE, Plaintiff, Justin Stephen Horst, demands judgment in his favor and against the defendants, Forza Transportation Services, Inc., F & A Express, LLC, Gear Jammer Equipment Sales, LLC, Juan Rivera, Omar Alberto Rivera, Ana Silvia Rivera a/k/a Ana S. Dominguez and Rivera Logistics, Inc., individually, jointly and/or severally in an amount in excess of Five Hundred Thousand Dollars ($500,000.00), exclusive of interest and costs, plus damages for delay and punitive damages as allowed by law.

COUNT III

DECLARATORY JUDGMENT

<u>JUSTIN STEPHEN HORST vs. RIVERA DEFENDANTS</u>

41.     Plaintiff incorporates by reference the foregoing averments as if set forth here again at length.

42.     Plaintiff believes, and therefore avers, defendants, Juan Rivera, Omar Alberto Rivera, Ana Silvia Rivera a/k/a Ana S. Dominguez, each and all of them, contracted and/or employed Mr. Medina and/or exercised agency or control over the Tractor-Trailer he operated on August 13, 2015, *i.e.* the date of the subject accident.

43.     On October 12, 2015, defendants, Omar Alberto Rivera and Ana Silvia Rivera a/k/a Ana S. Dominguez, caused a Certificate of Formation to be filed with the Texas Secretary of State bringing into existence Rivera Logistics, Inc., a defendant herein named.

44.     Plaintiff believes, and therefore avers, the Rivera defendants, acting as aforesaid, created Rivera Logistics, Inc. for the sole purpose of evading liability to Plaintiff and others injured by the conduct of Mr. Medina, acting as aforesaid.

45.     Plaintiff believes, and therefore avers, Rivera Logistics, Inc. is a sham entity and a mere continuation of the business activities and enterprise operated and controlled, individually, by Juan Rivera, Omar Alberto Rivera, Ana Silvia Rivera a/k/a Ana S. Dominguez as of the date of the subject accident.

46.     Plaintiff further believes, and therefore avers, the transactions whereby the defendants, Omar Alberto Rivera and Ana Silvia Rivera a/k/a Ana S. Dominguez, created Rivera Logistics, Inc. and transfers thereto are fraudulent and intended to evade legitimate liabilities arising from, or related to, the subject motor vehicle collision.

47.    28 U.S.C.A. §2201(a) provides:

In a case of actual controversy within its jurisdiction . . ., any court of the United States, upon filing of an appropriate pleading, may declare the rights and other legal relations of any interested party seeking such declaration, whether or not further relief is or could be sought. Any such declaration shall have the force and effect of a final judgment or decree and shall be reviewable as such.

48.    28 U.S.C.A. §2202 provides:

Further necessary or proper relief based on a declaratory judgment or decree may be granted, after reasonable notice and hearing, against any adverse party whose rights have been determined by such judgment.

49.    Upon information and belief, a declaratory judgment in the form requested by this Complaint will afford Plaintiff relief from the uncertainty and insecurity presented where, as here, individuals exposed to personal liability seek to evade responsibility and accountability in a sham transaction consummated less than two (2) months after an accident resulting in a fatality and serious and permanent bodily injuries and damages to others, for which the individual defendants are or may be liable.

50.    The declaration prayed for by this Complaint will aid in the determination of a genuine, justiciable controversy.

WHEREFORE, Plaintiff, Justin Stephen Horst, respectfully requests this Honorable Court:

(a)    Declare Rivera Logistics, Inc. is a sham entity created by the Rivera Defendants for no legitimate purpose;

(b)    Declare transfers by the individual defendants to Rivera Logistics, Inc. are fraudulent as to Plaintiff and other injured persons and parties;

(c)     Order and direct that Rivera Logistics, Inc. be disregarded as an entity and impose personal liability, after a trial on the merits of Plaintiff's claims, upon the individual defendants determined to have a legal duty to Plaintiff and other injured persons and parties; and

(d)     In accordance with 28 U.S.C.A. §2202, direct such further relief as is necessary and proper, after reasonable notice and hearing, including, but not limited to, a preliminarily injunction prohibiting Rivera Logistics, Inc. and the Rivera Defendants from transferring, gifting, disposing of, selling, conveying, encumbering or otherwise dissipating property or assets that may be subject to execution upon a judgment entered in Plaintiff's favor after trial on the merits of Plaintiff's claims.

## <u>JURY DEMAND PURSUANT TO F.R.C.P. No. 38(b)</u>

Pursuant to Rule 38(b) of the Federal Rules of Civil Procedure, the Plaintiff, Justin Stephen Horst, demands trial by jury of this action.

*J. Todd Savarese, Esquire /s/*
_____
J. Todd Savarese, Esquire
Attorney for Plaintiff
80 N. 2nd Street Pike
Churchville, PA 18966
(215) 322-7848 - Telephone
Todd@Savareselaw.com - Email

Dean W. Ibrahim, Esquire
Ibrahim & McKillop, P.C.
Attorney for Plaintiff
71 S. Main Street
Doylestown, PA 18901
(215) 345-5270 - Telephone
Dean@Ibrahimandmckillop.net - Email

Dated: <u>August 3, 2017</u>